Case number 16-1009, USA v. Jimmie White II Oral argument, not to proceed 15 minutes per side. Christian David Sheehan for the appellant. You may proceed. May it please the court, Christian Sheehan for the appellant, Jimmie White. With the court's permission, I would like to reserve three minutes for rebuttal. All right. Thank you. The period of delay between Mr. White's arrest and indictment was not automatically excludable or excludable as an ends-of-justice continuance, starting first with the ends-of-justice exclusion. This case presents the perfect storm of four circumstances that together resulted in a Speedy Trial Act violation. First, there is no ends-of-justice finding in the order itself granting the continuance. Second, the magistrate judge did not adopt the party's stipulation regarding exclusion of time. Third... The magistrate did not accept the stipulation? The magistrate judge entered an order based on the stipulation. The magistrate judge did not adopt the terms of the stipulation. Okay. What do you mean by that? Sure. So, the magistrate judge... So, there was a two-page stipulation that was filed by the parties and made certain representations, and the magistrate judge entered a separate order that, with its own terms, some of which tracked what was in the stipulation and some of which did not track what was in the stipulation. He didn't repeat it in his order, but by attaching it, doesn't he indicate that he's accepted it? I mean, I don't know quite what distinction you're making here. Judge Griffin, so Congress was clear in the Speedy Trial Act. It intended to give judges a measure of flexibility in granting continuances for case-specific reasons. But it intended to counteract that substantive open-endedness with procedural strictness. And what the procedural strictness is, is a requirement to make judicial on-the-record findings. At a minimum, the statute requires that the reasons for the continuance be set out in statements by the court. Either from... All right, so you're saying it's not adequate that he attaches and refers by reference to a stipulation that he actually must express it in his order. You can't incorporate by reference. Judge Griffin, maybe there could be circumstances in which it could be incorporated by reference. Our position is that's not the case here. But even if it were... What did he say in the order that's contrary to the stipulation? There's nothing that's contrary to the stipulation. It's less specific. Well, it starts off by saying this matter coming before the court on the stipulation of the parties. That's the first line of the order. Sure, so this court has been clear about what a judge has to say to incorporate an agreement between the parties into an order such that it is a judicial finding. And in the Cowdale case, which we cite in our briefs, this court held that even an order that states that it's being entered pursuant to the terms of an agreement between the parties is not enough to incorporate the terms of that agreement. But even putting that aside, let's assume for a minute that the stipulation was incorporated into the order. It's still not sufficient. To satisfy the Speedy Trial Act, a court must do more than merely identify an event. So here the stipulation says the extension of time is necessary to allow the parties to engage in plea negotiations. If that by itself were sufficient, then basically what we're talking about is an automatic exclusion for plea bargaining delays. And the government now agrees that plea bargaining time is not automatically excludable. It's not automatically excludable, but if the parties agree to exclude it, that's different than if there's no stipulation. Judge Griffin, under the Zedner case from the Supreme Court, that the parties acquiesce, that the defendant acquiesces to a delay is not in itself sufficient to exclude time. Why not? The Supreme Court held that the statute itself... A defendant cannot waive rights that he's statutorily granted? I mean, any other statute, a defendant can waive rights? Are you saying this is such a specific, important statute? It's one that may not be modified or waived by a defendant by any time? I mean, that's something else. That's what the Supreme Court held in the Zedner case. I'll take a look at it. That's rather unusual. I can't think of almost any right. A right to trial by jury can be waived. A right to attorney can be waived. Every important right there is. Constitutional rights can be waived. And you're saying a statutory right can not be waived under any circumstances. I mean, I find that incredible. If that's what the Supreme Court held, I'll look at it. But I rather doubt it. The Supreme Court held in the Zedner case that Speedy Trial Act rights are not waivable. And the reason is that they don't just benefit the defendant. The Speedy Trial Act is designed to protect the defendant's interest in a speedy trial. It's like right to counsel and right to all sorts of other rights. And the public interest in a speedy trial. Right to a public trial, right to a lot of things. Every right I know of is waivable. We'll see. The Supreme Court held in the Zedner case that. Okay, I'll look at it. I have to follow the Supreme Court. And I do. I will. So the issue in the Zedner case was a waiver for all time, which seems distinguishable in the facts. But the Supreme Court held that. Waiver for all time as opposed to a specific waiver of two weeks. Sure. Which is rather reasonable under the circumstances. Well, Judge Griffin. To allow the plea negotiations to go forward because they may be successful and benefit him. And if he can't waive it and he has to go to trial and he has a chance of getting a favorable plea bargain, that's contrary to what the defendant ought to be doing. Judge Griffin, there's no reasonableness aspect to the statute. The statute's not reasonable at all. Okay, it sounds like. There is no reasonableness component to an analysis of whether the speedy trial act is violated. And I just want to, to the extent that there's a question about whether it's distinguishable, I just want to quote what the Supreme Court said. The defense, quote, defense continuance request, unquote, must fit within a specific exclusion. And when you're talking about the ends of justice exclusion, that requires courts to follow specific procedures, which requires on the record findings. If the court doesn't do that and the time limits are exceeded, the indictment must be dismissed. In the text of the speedy trial act, of section H-7, it says that an ends of justice issue can come before the court in three ways. On a request by the defendant, on a request by the prosecution, or by the court on its own initiative. Under either of those three circumstances, what the court must do is exactly the same. The court must put its findings on the record, explaining why the delay, why the delay is necessary, and why the ends of justice served by the delay outweigh the public's interests and the defendant's interests in a speedy trial. And so I talked about the first three factors here. The fourth is that the district court did not supply any findings in ruling on Mr. White's motion to dismiss. This court and the Supreme Court have been clear that even if the reasons for the continuance are not contemporaneously set out in the continuance order, the court can later articulate reasons. But here, the district court expressly declined to do so. On pages 632 and 633 of the record, the district court believed that the magistrate judge had made a determination incorrectly and then opted to rely entirely on what the magistrate judge did. So the record here contains no judicial finding that the ends of justice served by a continuance outweigh the public's interests and the defendant's interests in a speedy trial. And did your client preserve that issue below? He did, Your Honor. I mean, I've read his district court brief, and his speedy trial violation was, one, that the clock started running when he was arrested at the scene of the house rather than arrested on the complaint, and two, that there was no factual basis, I guess, for it. But I read his motion of the district court, and he didn't allege that there was no finding of the ends of justice here. That came up later on appeal. It wasn't preserved below, at least that's my understanding. Judge Griffin, I'll make— Tell me where it was preserved in the district court. Sure. So at the hearing on Mr. White's motion to dismiss, his counsel argued that there weren't sufficient findings. Now, I'll quote. Sure. It doesn't, quote, it doesn't appear as though the magistrate judge had a sufficient factual basis, end quote. End quote. There was no determination made at all. End quote. I don't see him talking about the ends of justice problem, that there's no ruling on the ends of justice. He's talking about the factual basis for it. He's arguing that there was no determination made by the magistrate judge as to the basis for excluding time at all. Does he say end of justice anywhere that the judge failed to rely on the ends of justice exception? No. Judge Griffin, whether he does, I would have to— He doesn't. He doesn't. I mean, you're going to tell me he does? I mean— No, Judge Griffin, I'm going to tell you that he didn't have to. Oh, okay. He didn't have to. This court's precedent is clear that all a defendant has to do to preserve his speedy trial act rights on appeal is to file a timely motion to dismiss, arguing that the particular time period is not excludable. So in the Dunbar case, for example, there was a hearing on a motion to release the defendant before trial. And at that hearing, it came out that more than 70 days had passed between the date of the defendant's indictment and trial. And his counsel stated, well, more than 70 days have passed. I would move to dismiss. That's all he stated. The government argued on appeal that the issue had been waived. This court held that it had not been and went on to consider an ends of justice issue on the merits and an automatic exclusion issue on the merits. And I think it's important to step back for a minute. This waiver argument, the government has waived its waiver argument by failing to raise it— You're talking forfeiture rather than waiver, are you not? I mean, there's not an intentional relinquishment of a right. I mean— The government has forfeited— The forfeit argument is what— That's—yes. Yes, Your Honor. Okay. I'll look at that, too. And that's the Dunkel case that we cite in our brief and then Supreme Court Rule 15. Okay. If we say he has not preserved the issue, would you agree with me that there's no plain error here because of the circuit split that exists on the issue? That our decision that the Solicitor General conceded error on as to the automatic exclusion of time for plea negotiations pre-indictment was not only supported by our circuit but several other circuits. I mean, there was a circuit split, and I don't think I've seen a case that finds plain error when there's a circuit split on the issue. Judge Griffin, I see my time's up. I'm happy to respond. I hope the presiding judge will let you answer. Oh, certainly. Go ahead. Sure. So the government thought that the issue was so clear that it declined to raise it—that it declined to even press the contrary position in its brief in opposition to the Supreme Court. We could not find a single case in which the parties agreed—both parties agreed as to the correct interpretation of the law. The government changed its position to conform to the other party's position, and yet it was found not to be plain error. So I take your point, Your Honor, but there are—this is a sui generis circumstance. Well, what about Clark v. Chrysler, which seems to suggest that even where the issue is initially waived because it was failed to be raised in—well, in that case, in post-trial motions before the district court, subsequently the issue is deemed not waived when the case goes to the Supreme Court and comes back on this GVR by the Supreme Court and is deemed to be preserved for review. Does that Chrysler—does Clark v. Chrysler—does that apply here, which would suggest that there is no plain error? You don't have to resort to plain error because the issue, even though it was initially forfeited, it's essentially preserved or reinstated because of the proceedings and remand from the Supreme Court. Judge Clay, so if this Court were to find that Mr. White did not preserve the issue, which we disagree with, then yes, Clark is directly on point. In that case, the defendant failed to file a post-trial motion addressing an issue. This Court exercised its discretion to consider the issue on appeal. Then the Supreme Court GVR'd for further consideration, and the other party argued waiver, clearly argued waiver, and this Court held no. Our decision to address it, coupled with the Supreme Court's GVR, effectively preserved it for de novo review on remand. Was that a discretionary call as opposed to a ruling as of law? I can see how we have discretion to consider unpreserved issues, particularly on a GVR from the Supreme Court, but I don't think we necessarily have to say that now they're preserved because there's been a remand for consideration of this new case. Is that what you're saying that case says? That as a matter of law, the unpreserved issue is now preserved because there's a GVR? That's exactly what this Court held, Your Honor. Okay, I didn't think a GVR actually meant anything other than take another look at it. I thought there was a lot of authority that it doesn't really have any weight to it. Judge Griffin, I... You really can't read into anything other than take a look at this case. There certainly is authority to support that proposition, but this Court... I thought that's how they were interpreted. I mean, you're saying that they've got substance to them? This Court in Clark held in an almost factually identical situation that the issue had been preserved due to a combination of this Court addressing the issue on the initial appeal and the Supreme Court's GVR. And the Court held that the issue was preserved for de novo consideration on remand. I don't see any distinction between that case and this case. All right, I'll take a look at it. Thank you. Thank you. Thank you. May it please the Court, Andrew Goetz for the United States. Despite its procedural history, this case can and should be resolved now on a common and very simple ground. The two weeks of plea negotiations pre-indictment here satisfied the criteria for an ends of justice continuance under 18 U.S.C. section 3161H7. And Judge Griffin, let's go to one of your last lines of questioning about the motion hearing itself. You say it does, but is there a finding of that effect by the district judge? Yes. And the best reading of the record is that there was a finding by the magistrate judge here in the stipulation and order. And let's start with the... By adopting it by reference? Because I think my recollection is the magistrate's order doesn't specify that. That the only way to get it is by saying he incorporates by reference the stip. That's correct, Judge Griffin. The order in this case hinges in large part on how you view the stipulation order, whether you view them as entirely separate or as a combined document. And the best reading of the record here is that you should look at them collectively. And there are several reasons for that. I mean, one is this order only came about because the stipulation requested it. And then the order itself refers back to the stipulation. It says, as Judge Guy pointed out, the matter is, quote, unquote, coming before the court on the stipulation of the parties. That's at page 32 of the record. Then the magistrate judge here can just refer to the stipulation. He physically attached it to the order, and that's an important point here. The magistrate judge filed both the stipulation and order together physically as one document on the docket. So it would be odd to read that action. Are the two documents with separate headings or one document saying opinion and order? They have separate headings, Judge Clay, but they were filed together as one docket entry, one document. And it was the magistrate judge that did that. It wasn't a case where the government and the defendant filed the stipulation, and then months later the magistrate judge files an order. The magistrate judge took it upon himself to file them together as one document. And so if you look at them collectively here, it listed the reasons for the ends of justice continuance, and that's what the statute requires. If the court looks at 3161H7A, it requires the judge to list the reasons for the finding, and we know what the reasons for the finding were. They were the only reasons listed in the stipulation and order, the parties' two weeks of pre-indictment plea negotiations. It wasn't a lengthy period of plea negotiations. It was two weeks. It made sense. The reasons for the stipulation and order were obvious, and that's what the reasons were. Those reasons appeared on the record. Moreover, if the court looks at the order itself, we're not even talking about the stipulation here. The order itself included a finding by the magistrate judge that good cause exists for the continuance. Now, we've agreed in our brief that good cause is a slightly different standard than applies here, but it's pretty close, and it's important for two very important reasons here. First, if the court looks at Federal Rule of Criminal Procedure 5.1D, it will notice that the good cause standard itself incorporates the, and this is a direct quote, taking into account the public interest in the prompt disposition of criminal cases. So the good cause standard itself incorporates the public's right, the public's interest in a speedy trial. So that finding showed that the magistrate judge had considered the public's interest. That finding also demonstrated that the magistrate judge had adopted the facts in the attached stipulation, in the stipulation that the magistrate judge had physically attached to the order, because what other reason for good cause was there? That was the only reason in the record, and the magistrate judge had attached it to the order. And Judge Griffin, getting to your last line of questioning about the motion hearing itself, that motion hearing is important, and it just does not say what defense counsel now says it does. At that motion hearing, on page 623 of 624, defense counsel stated, I agree, he said, I agree when the district judge asked whether the magistrate judge had made the ends of justice finding using the magic words that the Speedy Trial Act uses. Defense counsel said, I agree. Later, at page 632 of the record, defense counsel says, you can rely on the court's finding. That is a direct quote. In fact, he tells the district judge, you can rely on the court's finding, meaning the magistrate judge's finding. It's a little bit rich for him to say now, five years later, that nope, there wasn't an ends of justice continuance, and no, there wasn't a finding, when he told the district judge at the motion hearing itself that there was an ends of justice continuance and that there was a finding. And note that that's different than the type of waiver Zedner prohibits, which is a prospective waiver. This is a retrospective waiver. For Speedy Trial Act arguments, like any other arguments, a defendant can abandon them at the motion hearing, like the defense did here. They told the district judge that there was an ends of justice continuance and that there was a finding. And Dunbar doesn't change that. Defense counsel mentioned Dunbar today. Dunbar doesn't change that one bit. Dunbar was just an oral motion that this court said was a motion just like any other motion. It does not support the way defense counsel places on it. To the contrary, the court reads Dunbar. Dunbar actually involves circumstances that were a weaker case for a speedy trial ends of justice continuance than are present here. In Dunbar, the parties had a stipulation that no one was actually sure what form had been presented to the district judge. And the district judge basically said, I think in one sentence or even one word order, said it was adopting that stipulation, one sort of docket entry that had no elaboration whatsoever. And this court held in context, as appropriate, that the district judge had adopted that stipulation and incorporated its reasons for the ends of justice finding. Now I'm happy to answer any further questions on the ends of justice issue if the court has any. Well, there is the point, the stipulation and everything, but there is, if you change the facts and whenever you change the facts, you change the case. I realize that. But of this same stipulation, instead of having a two-week period, it had a year period. You could run into the Supreme Court saying that they do have that language, that there's another party in interest in speedy trial matters, and that's the public. And so if you were going to adjourn something for a year, you might have to say something more than the parties agree to do it. Yes, Judge Guy, I think that's absolutely correct. And we're not asking this court to say that plea negotiations, no matter how extensive, always qualify. I think if you had a six-month request for plea negotiations, you had better include more reasons than were present here. And oftentimes those types of lengthy requests for a continuance will be because the defendant is, for instance, cooperating while engaging in plea negotiations. There will be more reasons to include. I mean, here it was just a request for two weeks to see, post-complaint, whether the parties could resolve the case short of indictment. And that's the type of obvious reason that is apparent from the record that was included in the stipulation. So, yes, Judge Guy, I think in other circumstances you very well may be correct. But the other side of that coin, too, is it wouldn't have taken much. I assume that if Magistrate Judge had said the parties have stipulated for a short adjournment to engage in plea negotiations and plea negotiations are beneficial both to the defendant and to the public to resolve matters of this nature, there wouldn't have to use the magic words end of justice, I wouldn't assume, because there would have been reason set forth. Now, the question here is whether you can implicitly import those into the relatively brief verbiage that we're dealing with here. Well, I think there are two answers, Judge Guy, and one is you are correct. This case would have gone from a close case to an easy case had the order been worded differently. Regardless of whether this is a model of best practices, and we are not arguing that it is, it was still sufficient, however. And that is what the Court is looking at here, whether or not it is sufficient, not whether it is a model of best practices. And we aren't really relying on implicit findings here. I mean, the attachment of the documents together and then ordering, this is in the order, ordering that the days, quote, unquote, should be excluded under the Speedy Trial Act goes a step beyond implicit findings, Judge Guy. But regardless of how the Court characterizes them, they were sufficient here. Happy to answer any further questions on that argument. Otherwise, I'll move briefly to the second argument. And the only thing I wanted to touch on there is to answer your question, Judge Clay, about Clark v. Chrysler Corporation. That really should not apply here. That case involved a rule-based or common law type of waiver where this Court had specifically addressed the question. That was then GBR'd from the Supreme Court. Neither of those are true here. This is a statutory waiver we're relying on for the H-1 argument. This is a waiver that Congress specifically chose to put in 3162A-2 that says if the defendant does not move to dismiss before trial before a guilty plea, he has waived his right to argue under the Speedy Trial Act later. Most courts, most notably the Tenth Circuit and Seals, which we cited, have interpreted that to mean the defendant cannot raise new arguments on appeal that he failed to raise below, like the automatic excludability of plea negotiations that the defense is trying to raise here. They never raised that below. And that was by design. If the Court looks at Zedner, the Supreme Court emphasized, as this Court did over the summer in Satterwhite, that Congress drafted that waiver to prevent exactly what is happening here, where a belated motion moots years and years of trial proceedings based on an argument that the defense never raised below. So you don't think it's enough that in Clark, as in this case, that the party initially forfeited the argument and then the forfeiture was arguably cured by the Court's earlier decision and the Supreme Court's GVR, and you think the two cases are sufficiently distinguishable that that doesn't apply here? No, we don't think it applies, Judge Clay, for the two reasons. One, it's a statutory waiver here. It's a congressionally implemented statutory waiver, not a rule-based waiver. Why does that matter? I think it's a stronger waiver provision. It shows that Congress designed the statute to prevent exactly what is happening here. If you look at the facts of Clark v. Chrysler Corp., it involved a remitter of damages, so all the Court was doing was decreasing the damages. I mean, here what they're asking for is a whole new round of trial proceedings. That's exactly why Congress drafted the waiver provision in 3162A2 the way that it did. And I'd also note that this Court really isn't being asked to address the same issue it did the first time around. The defense tries to say it is. It's not. The first time around, this Court was applying circuit precedent. Now they're asking this Court to overrule circuit precedent. That's a different issue. They're close, but they're different. If you look at Clark v. Chrysler Corp., the Court was addressing the exact same issue. That is not true here. I would note, however, Judge Clay, that the Court doesn't even need to reach that issue if it decides that there was a valid ends of justice continuance here. That issue really only comes into play if the Court addresses whether or not the defendant has waived or forfeited his right to argue that plea negotiations should not automatically be excludable under 3161H1. So the Court doesn't even need to address that question unless it reaches the H1 question. I'm happy to answer any further questions on either of the issues. I have none. Hearing none, I would ask that the district court's judgment be affirmed. Thank you. Thank you. The government's argument is based on inference on top of inference. We heard words like it's obvious, best reading of the record. We heard a reference to the definition of good cause and findings being incorporated through the definition of good cause. The Speedy Trial Act, and this was intentional by Congress, requires express findings made by a judge on the record. We don't have that here. Second, our position does not hinge on whether the stipulation and the order are viewed as one document. Even if the stipulation is part of the order, which we don't agree with, it's not sufficient. All it says is the parties were engaged in, wanted a continuous to engage in plea bargaining. Doesn't it refer to the ends of justice exception? Yes. I thought it did. Later in the stipulation it- Does the ends of justice support our stipulation for excluding these two weeks? It says something like that, I thought. But there's reference in the stipulations to the end of justice. There is a reference, yes, but courts have- So if it is incorporated into the order, then the magistrate is ruling that the ends of justice exception applies. The magistrate judge is making a passing reference to the ends of justice exception, which- Well, he's relying upon it, is he not? I mean, that's his ruling. What the statute requires is that- There's findings of fact, as opposed to just- The magistrate judge set out its reasons for granting a continuance on the record and sets forth a number of factors- But aren't the reasons- I mean, I should have the stipulation in front of me, I just don't. But I did read it a couple of times. Doesn't the stipulation refer to the parties are engaged in pre-indictment negotiations and that this is beneficial and the end of justice would be furthered if the court accepts the stipulation? I mean, doesn't it have the reasons in there? Judge, the entirety of the reasons in the stipulation is that the extension of time is necessary to allow the parties to engage in plea negotiations. If this court holds- It sounds like a reason. If this court holds that that is sufficient under the ends of justice exclusion, then it's that it has created a new automatic exclusion. Well, no, it doesn't. I mean- The court has to provide findings, case-specific findings, as to why the ends of justice are furthered by a- So let me give you an example of what- The judge would have to say, and I think they might be successful, they might not be, it's going to be in his interest. I don't know what else the judge would say. We cite the Fields case in her brief out of the Third Circuit where the court conducted a colloquy and asked the parties about the status of plea negotiations and learned the parties were making progress and the defendant was providing valuable information and then entered an ends of justice order and said that the ends of justice served by the continuance outweigh the public's interest in a speedy trial. And the reasons are that it's giving the defendant an opportunity to provide the government with information and possibly get a reduced sentence, and it's giving the government an opportunity to learn more about the drug trade. We have nothing like that here. And I just want to make a point about Waiver and the Seals case. What the Seals case and the other out-of-circuit cases the government relies on hold is that you can't challenge one time period in district court and then challenge another time period on appeal. Here, Mr. White's challenging the same time period. And to find waiver here is inconsistent with a number of decisions from this court. So I talked about the Dunbar case. There's the Brown case, Judge Clay, that you wrote that said that a defendant doesn't even have to cite the Speedy Trial Act or explicitly request dismissal, and he preserves Speedy Trial Act arguments. There's the Jenkins case which talks about a burden-shifting approach under the Speedy Trial Act and says the defendant's obligation is to alert the court as to a potential violation. And all they have to do, this is what the court said, is get a calendar and say there were more than 70 days passed between this date and that date. Then the burden shifts to the government to prove by a preponderance of the evidence why the time is not excludable. And there's been a lot of talk today about Mr. White's responsibility for confusing the magistrate judge or confusing the district court. But I think it's important to remember that the government is not blameless here. The government has an opportunity to help ensure Speedy Trial Act compliance. The government could have told the magistrate judge, hey, we need more findings. It could have told the district court, we need more findings. There are many examples. I like the invited error doctrine that the defendant really invites this error by stipulating and saying, I agree, Judge, I agree that this is the ends of justice and that we can have a two-week play here. I guess that doesn't apply to statutory rights either. Is that right? Let me just quote a decision from the Second Circuit. So the prospective waiver of rights under the Speedy Trial Act is not acceptable. That's Zedner, which we talked about. Nor is a defendant's acquiescence to a continuance sufficient compliance with the act for an ends of justice exclusion in the absence of specific findings. There is no reasonableness component to the Speedy Trial Act. Congress weighed these interests and made the determination that if there are ends of justice findings, whether the time limit is exceeded by one day or one year, the remedy is dismissal. And Congress did that to ensure that courts were thinking about whether even small delays were necessary so that small delay doesn't build on top of small delay and cases are kicked down the road for a significant period of time. All right. Thank you very much. Thank you. Mr. Sheehan, I understand you took this case pro bono, and the court very much appreciates that and know that you did that as a service to the court and our system of justice. Thank you. Thank you very much. I appreciate that. And the case may be submitted.